Case 1:17-cr-00162-JRS-MJD   Document 867   Filed 08/22/24   Page 1 of 4 PageID #: 4264

AO 247 (Rev. 03/19) Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)   Page 1 of 2 (Page 2 Not for Public Disclosure)

# UNITED STATES DISTRICT COURT
for the

Southern District of Indiana

United States of America
v.

Lauro Parra

Case No: 1:17-cr-00162-03

USM No: 15872-028

Date of Original Judgment: 5/16/2019
Date of Previous Amended Judgment:
*(Use Date of Last Amended Judgment if Any)*

Andrew J. Borland
*Defendant's Attorney*

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
☒ DENIED.   ☐ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months **is reduced to** _____.

*(See Page 2 for additional parts. Complete Parts I and II of Page 2 when motion is granted)*

Except as otherwise provided, all provisions of the judgment dated 05/16/2019 shall remain in effect.
**IT IS SO ORDERED**.

Order Date: 08/22/2024

*Judge's signature*

Effective Date: _____
*(if different from order date)*

Honorable James R. Sweeney, II
*Printed name and title*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 1:17-cr-0162-JRS-MJD |
| LAURO PARRA, | ) ) | -03 |
| Defendant. | ) ) | |

**Order on Motions for Sentence Reduction**

Lauro Parra was sentenced to 168 months' imprisonment after pleading guilty to one count of Conspiracy to Possess with Intent to Distribute and to Distribute 500 grams or more of Methamphetamine (Mixture) in violation of 21 U.S.C. §§ 841(a)(1) and 846, and one count of Money Laundering in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i) and (2).  (J. 1–2, ECF No. 568.)  This matter is now before the Court on Parra's motions to reduce his sentence under 18 U.S.C. § 3582, U.S.S.G. § 1B1.10, and Amendment 821 to the Sentencing Guidelines.  (ECF Nos. 843, 865.)  The motions are **denied**.

## I.    Legal Standard

The Court may modify an imposed sentence of imprisonment under 18 U.S.C. § 3582(c)(2) to reflect changes in the sentencing guidelines where authorized by policy statements from the Sentencing Commission.  The policy statement at U.S.S.G. § 1B1.10 provides that the Court "may reduce" a defendant's sentence to reflect certain amendments to the Sentencing Guidelines.  Those amendments are set forth in § 1B1.10(d).  Amendment 821, Part B, "Zero-Point Offenders," allows a two-level

reduction in offense level to certain offenders with no prior criminal history. The Court must consider the 18 U.S.C. § 3553(a) factors in deciding whether and how to reduce a sentence. 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10, comment (n.1(B)).

## II.  Discussion

Parra was sentenced to 168 months' imprisonment. The Court adopted the presentence investigation report prepared by the U.S. Probation Office. The base offense level for Count One, the charge under 21 U.S.C. §§ 841(a)(1) and 846, was 38 because the offense involved over 4.5 kilograms of methamphetamine (actual). (Presentence Investigation Report ¶ 23, ECF No. 448.) Two levels were added under U.S.S.G. § 2D1.1(b)(1) because Parra possessed a firearm during the offense. (*Id.* ¶ 24.) The adjusted offense level for this count was 40. (*Id.* ¶ 28.) The base offense level for Count Five, the charge under 18 U.S.C. § 1956, was 40 because this was the offense level for the underlying offense from which the laundered funds were derived. (*Id.* ¶ 29.) Two levels were added because Parra was convicted under § 1956. (*Id.* ¶ 30.) The adjusted offense level for this count was 42; because this is the greater of the two adjusted offense levels, this figure is used to calculate the total offense level. (*Id.* ¶¶ 34, 35.) Three levels were subtracted for Parra's acceptance of responsibility, yielding a total offense level of 39. (*Id.* ¶¶ 37–39.) With a criminal history category of I, the guideline range was 262 to 327 months' imprisonment. (*Id.* ¶ 73.) The Court imposed a sentence of 168 months, well below the guideline range.

Parra argues that Amendment 821 should give him a two-level reduction as a zero-point offender. (Motion 2–3, ECF No. 843.) The Government argues that Parra

is ineligible because he is not a zero-point offender due to his previous conviction for operating a vehicle while intoxicated. (Gov't's Opp. 4, ECF No. 860.) The Government is correct. Parra received one criminal history point and is therefore not a zero-point offender. (PSR ¶ 73.) Even if he did have zero criminal history points, Parra would not be eligible because he possessed a firearm during the offense. Amendment 821 applies only to those zero-point offenders who also meet certain criteria. A defendant is not eligible for the reduction if, among other things, he "possess[ed] . . . a firearm . . . in connection with the offense" or "receive[d] an adjustment under [U.S.S.G.] § 3B1.1." U.S.S.G. §§ 4C1.1(a)(7), (a)(10).

The 168-month term of imprisonment remains as imposed at sentencing.

### III.  Conclusion

The Court finds that Amendment 821 does not change the applicable guideline range nor his offense level, so Parra's Motions to Reduce Sentence, (ECF Nos. 843, 865), are **denied.**

**SO ORDERED.**

Date: 08/22/2024

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution by U.S. Mail to:

Lauro Parra
Reg. # 15872-028
FMC Fort Dix
Federal Correctional Institution
P.O. Box 2000
Joint Base MDL, NJ 08640

Distribution by CM/ECF to all
counsel of record

3